Military pay; promotion; Court of Claims jurisdiction; failure to state a claim. — On December 7, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
*506 This case comes before the court on defendant’s motion, filed August 31, 1979, to dismiss plaintiffs petition, having been considered, together with plaintiffs opposition thereto, without oral argument.
Plaintiff is a lieutenant commander in the United States Navy. While plaintiff was under the command of Captain C. J. Moore, an action was instituted by Captain Moore to have plaintiff removed for cause from the vessel plaintiff was serving on. Captain Moore also included an allegedly defective fitness report in plaintiffs file.
The fitness report, prepared by Captain Moore, was reviewed by the Board for Correction of Naval Records (BCNR), which failed to remove the report from plaintiffs file.
Plaintiff contends the BCNR’s action was arbitrary and capricious and that the existence of such fitness report has impaired plaintiffs career and opportunity for promotion. Plaintiff also contends that but for the allegedly defective fitness report he would have been promoted in 1977.
In his petition plaintiff asks the court to (1) order the removal from his record of the allegedly defective fitness report and (2) award him the "pay and benefits” to which he would have been entitled had he been promoted to commander in 1977.
Defendant has moved to dismiss the petition on the alternative grounds that either (1) this court lacks jurisdiction to adjudicate plaintiffs claim or (2) plaintiff has failed to state a claim upon which relief may be granted. We allow defendant’s motion on the ground that plaintiff has failed to state a claim.
Plaintiff is, in effect, asking the court for a constructive promotion to commander. Assuming for argument that we have jurisdiction, this court has repeatedly stressed that it will not involve itself in discretionary military promotions. See, e.g., Doggett v. United States, 207 Ct. Cl. 478 (1975); Yee v. United States, 206 Ct. Cl. 388, 399, 512 F. 2d 1383, 1388 (1975); Abruzzo v. United States, 206 Ct. Cl. 731, 738, 513 F. 2d 608, 611-612 (1975). While normally we will not award a plaintiff pay above the position he actually holds, we will do so upon a showing of a clear-cut legal entitlement to the pay of a higher rank. Doggett v. United States, supra at 482; Selman v. United States, 204 Ct. Cl. 675, 684, 498 F. 2d *507 1354, 1358 (1974). Therefore, the issue is whether plaintiff has demonstrated a clear-cut legal entitlement to the "pay and benefits” of a commander.
We hold plaintiffs allegations do not meet the "clear-cut legal entitlement” standard. For this reason, we hold plaintiff has failed to state a claim upon which relief may be granted.
It is therefore ordered that defendant’s motion to dismiss is granted and, accordingly, the petition is dismissed.
Plaintiffs motion for rehearing was denied February 1, 1980.