**Beverly MORROW et al.**

v.

**The UNITED STATES.**

**No. 382–79C.**

United States Court of Claims.

April 22, 1981.

---

Robert L. Bartelt, Jr., Evansville, Ind., attorney of record, for plaintiffs; Sydney L. Berger, Berger, Berger & Bartelt, Evansville, Ind., of counsel.

Virginia I. Bradley, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendants; David I. Tevelin, Washington, D. C., of counsel.

Before COWEN, Senior Judge, and KUNZIG and SMITH, Judges.

## ON CROSS MOTIONS FOR SUMMARY JUDGMENT

KUNZIG, Judge:

Plaintiffs ("claimants") seek review by this court of the administrative denial of survivors' death benefits under the Public Safety Officers' Benefits Act of 1976, Pub.L. No. 94–430, 90 Stat. 1346 (1976), 42 U.S.C. §§ 3796–3796c (Supp. III 1979) ("PSOBA"). The case now comes before the court on the parties' cross motions for summary judgment. Claimants' decedent, a fireman, was afflicted by smoke inhalation while fighting a house fire. He collapsed from a heart attack the same day and died from a second heart attack six weeks later. The fireman's heart had apparently already begun to deteriorate prior to the smoke inhalation incident. LEAA determined that the smoke inhalation, i. e., "traumatic injury", did not proximately cause the fireman's death and that, consequently, a death benefit could not be paid. We concur.

### I

PSOBA provides, inter alia, that "In any case in which the Administration [LEAA] determines, under regulations issued pursuant to this subchapter, that a public safety officer has died as the direct and proximate

result of a personal injury sustained in the line of duty, the Administration shall pay a benefit of $50,000 ... one-half to the surviving ... children of such officer in equal shares and one-half to the surviving spouse...." 42 U.S.C. § 3796(a)(2) (Supp. III 1979); accord, 28 C.F.R. § 32.3 (1980). The implementing regulations state that, " 'Personal injury' means any traumatic injury, as well as diseases which are caused by or result from such an injury, but not occupational diseases." 28 C.F.R. § 32.2(e) (1980).[1] The regulations further provide: " 'Occupational disease' means a disease which routinely constitutes a special hazard in, or is commonly regarded as a concomitant of the officer's occupation." 28 C.F.R. § 32.2(g) (1980). " 'Traumatic injury' means a wound or other condition of the body caused by external force, including injuries inflicted by bullets, explosives, sharp instruments, blunt objects or other physical blows, chemicals, electricity, *climatic conditions*, infectious diseases, radiation, and bacteria, but excluding stress and strain." 28 C.F.R. § 32.2(f) (1980) (emphasis supplied). A "Commentary" which appears directly following the regulations in the Federal Register (but which does not appear in the Code of Federal Regulations) states that "Climatic conditions include atmospheric conditions, *such as dense smoke* ...." 42 Fed.Reg. 23260 (1977) (emphasis supplied).

The regulations further indicate that " 'Direct and proximate' or 'proximate' means that the antecedent event is a substantial factor in the result." 28 C.F.R. 32.2(d) (1980). LEAA's General Counsel on September 12, 1977 issued a legal opinion to the PSOB Program, as follows:

Generally, you should consider a traumatic injury a "substantial factor" in an officer's death when (1) the injury itself would be sufficient to kill the officer, regardless of the officer's physical condition at the time of death; or (2) the injury contributes to the officer's death

---

1. The exclusion for occupational diseases should apparently be read as limiting the entire first clause of the regulation, rather than just the immediately antecedent clause thereof. *See Smykowski v. United States,* Ct.Cl., 647 F.2d 1103 at 1104 n.2 (1981).

to as great a degree as any other contributing factor, such as pre-existing chronic, congenital, or progressive disease."

The "Commentary" states: "In determining whether an injury was a substantial factor in the officer's death, LEAA will make no presumptions with respect to the length of time between the injury and death. The claimant has the burden in all cases of showing that the injury was a substantial factor in the officer's death." 42 Fed.Reg. 23260 (1977).[2]

The "Commentary" also expresses the agency's viewpoint that deaths resulting from heart disorders, i. e., "chronic, congenital, or progressive cardiac and pulmonary diseases," would not be covered by PSOBA "unless a traumatic injury was a substantial factor in the death."[3]  Id.  In Smykowski v. United States, Ct.Cl., 647 F.2d 1103, at 1105 (1981), decided this date, we stated that LEAA's exclusion of "stress, strain, and heart disorders from the coverage of the Act [was] amply justified by the statutory language, legislative history, and medical statistics."

Lastly, the implementing regulations contain the provision that, "The Administration shall resolve any reasonable doubt arising from the circumstances of the officer's death in favor of payment of the death benefit." 28 C.F.R. § 32.4 (1980). The "Commentary" states: "In those cases where LEAA cannot reasonably determine which factor—the heart condition or the personal injury—was the substantial causal contribution to death, it 'shall resolve any reasonable doubt'" in accordance with the foregoing rule. 42 Fed.Reg. 23260 (1977).

## II

The decedent, John C. Morrow, was a fireman with the Evansville, Indiana Fire Department. Morrow's crew was dispatched to fight a house fire on October 8, 1976. He became ill at the scene for a brief period, partially as the result of smoke inhalation, then continued to fight the fire. After returning to the fire station, Morrow again became ill and collapsed. He was taken to the hospital, where his illness was diagnosed as cardiac arrest. He was in the hospital 3½ weeks before being discharged. On November 16, 1976, he returned to the hospital after suffering severe chest pains at home. He was treated for 4 days before dying at the hospital on November 20, 1976. The diagnosis at autopsy was "marked" atherosclerotic heart disease. Evidence of an earlier healed myocardial infarction was noted. The death certificate listed the immediate cause of death as cardiac arrest due to myocardial infarction.

Claimants thereafter filed for PSOBA benefits. Prior to making its determination, LEAA sent the medical information in the file to Dr. Robert L. Thompson, Chairman of the Armed Forces Institute of Pathology, Department of Forensic Sciences, Walter Reed Hospital, for review. Dr. Thompson found no traumatic injury that might have contributed to Morrow's death. He found that the cause of death was "acute myocardial infarct secondary to arteriosclerotic heart disease." On February 15, 1978, LEAA issued an initial determination of ineligibility. The decision noted that "[a]n injury resulting from smoke

---

**2.** The House Judiciary Committee Reports on H.R. 365 (firefighters) and H.R. 366 (public safety officers) noted the Committee's intent that the "direct and proximate result" requirement cover "those cases where the personal injury is a substantial factor in bringing about the officer's death." H.R.Reps.Nos.94–1031 and 94–1032, 94th Cong., 2d Sess., 4 and 5, respectively (1976); accord, 42 Fed.Reg. 23260 (1977).

The "Commentary" indicates: "In applying terms such as 'direct and proximate result' or 'line of duty,' or in determining proof of relationship, the applicable State law will be considered, but will not be determinative. LEAA

seeks to assure that eligibility will be determined by a uniform set of rules, regardless of where in the country the officer died or his beneficiaries reside. LEAA believes that the establishment of uniform rules and precedents best manifests congressional intent." 42 Fed. Reg. 23260 (1977).

**3.** The "Commentary" further indicates: "Prior to making this determination, LEAA will submit the claim file to a forensic pathologist for review. If appropriate, the opinions of other pathologists or cardiologists will be solicited." 42 Fed.Reg. 23260 (1977).

inhalation is a traumatic injury under Section 32.2(f)." The decision continued: "On the basis of the evidence presented in this case, however, we have concluded that Firefighter Morrow's smoke inhalation on October 8, 1976, was not a substantial factor in his fatal myocardial infarction on November 20, 1976." Instead, "the overriding factor in his death was his severe underlying heart disease."

On March 3, 1978, claimants submitted a request for formal agency reconsideration of the initial denial. An oral hearing was held in Evansville on May 27, 1978. The hearing was then continued to permit further analysis of the data by medical and chemical experts. On August 15, 1978, the hearing officer issued a decision upholding the denial. The analysis was based upon the definition of "substantial factor" previously announced by LEAA's General Counsel. The salient points of the analysis were as follows:

(1) "Mr. Morrow was suffering from marked coronary arteriosclerosis before his cardiac arrest on 8 October 1976. The autopsy showed the presence of a previous, healed myocardial infarction."

(2) "The smoke inhalation which Mr. Morrow suffered at the scene of the fire along with the stress and strain of the event undoubtedly precipitated the acute infarct [of 8 October 1976]."

(3) "It can be assumed from [the] evidence and from the information contained in the referenced publications, that Mr. Morrow did inhale sufficient carbon monoxide to block off consciousness of his activities following his exit from the fire room, but since he later recovered full consciousness, and no edema was reported by Dr. Sterne at the time of examination in the emergency room ... it can be assumed further that the effects of the carbon monoxide on his body were not sufficient to cause real respiratory problems."

(4) "The behavior of Mr. Morrow following the probable onset of his cardiac arrest—falling down stairs, loss of memory 'for the rest of the day,' living for an additional six weeks—suggests that the amount of smoke inhaled was not sufficient to cause real problems on a purely respiratory basis. His symptoms were primarily cardiac with chest pain and collapse."

(5) "[A]lthough Mr. Morrow probably inhaled enough carbon monoxide to have blocked out his memory of events following his departure from the bedroom in which the fire was located, and to have caused cardiac irregularities which contributed to the onset of cardiac arrest, the actual cause of death was the chronic, progressive, cardiovascular disease. Smoke inhalation effects were secondary and minor in comparison with the damage offered by the underlying, chronic disorder and did not, therefore, promote a 'traumatic injury' in this case."

The hearing officer's conclusion may be restated as follows. Since the smoke inhalation was not by itself sufficient to kill the fireman, nor did it contribute to the fireman's death to as great a degree as the pre-existing heart disease, it cannot be deemed to have been a "substantial factor" in the fireman's death. Thus, proximate causation has not been established. Benefits cannot be paid.

On September 6, 1978, claimants appealed the decision of the hearing officer to the LEAA Administrator. On January 3, 1979, the Administrator adopted the hearing officer's decision as the final agency action. Claimants filed their petition in this court on September 17, 1979.

III

■ This court has held that it has limited authority in reviewing administrative decisions. Generally, such review is limited to determining (1) whether there has been substantial compliance with statutory and implementing regulations; (2) whether there has been any arbitrary or capricious action on the part of the Government officials involved; and (3) whether there was substantial evidence supporting the decision. *See, e. g., Urbina v. United States,* 209 Ct.Cl. 192, 197, 530 F.2d 1387, 1389–1390 (1976).

Claimants first allege a want of substantial evidence to support the agency's determination that smoke inhalation was *not* a "substantial factor" in Morrow's death. The allegation is baseless. The agency received extensive lay and scientific evidence and solicited several expert evaluations. Claimants had complete discretion to enter relevant materials. The resulting record thoroughly supports the agency's position.[4]

Claimants next allege that the Administrator has failed to comply with the regulatory requirement that "any reasonable doubt arising from the circumstances of the officer's death [be resolved] in favor of payment of the death benefit." 28 C.F.R. § 32.4 (1980). The allegation, relating to the agency's finding upon the issue of proximate causation, is again without foundation. There is no *reasonable* doubt to the effect that smoke inhalation might have been a substantial factor in Morrow's death six weeks hence. The obvious and overwhelming cause of death was heart disease —pre-existing, prolonged, and degenerative.[5]

## IV

All other arguments raised by claimants, although not directly addressed in this opinion, have been considered and found to be without merit.

Accordingly, after consideration of the administrative record and the submissions of the parties, with oral argument of counsel, plaintiffs' motion for summary judgment is denied. Defendant's motion for summary judgment is granted. Plaintiffs' petition is dismissed.

---

4. We make no holding as to the propriety of LEAA General Counsel's particular construction of the term "substantial factor"—which strikes us as somewhat cramped—since we do not believe that claimants herein can prevail under any plausible construction of the term.

*See generally Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1964).

5. Claimants have also made various constitutional allegations. They are without substance.