Plaintiff brings this case for herself, and in behalf of her two minor children, for the $50,000 benefit payable to eligible survivors of a police officer killed in line of duty. 42 U.S.C. §3796 (1976). Defendant challenges the claim by motion for summary judgment. Plaintiffs’ counsel has not responded. We allow the motion. Since the claim involves a death, we have carefully considered all of the papers submitted to us notwithstanding the fact that the motion is uncontested. We regret that our conclusion is mandated by law because we have much sympathy for the bereaved survivors of this tragic accident. However, it is clear that Congress did not find any justification for extension of the benefit beyond death incurred "in line of duty.”
*508 The deceased, Bobby Dean Howard, was formerly a patrolman on the police force of the city of Williamson, West Virginia. He died on December 30, 1979, of a gunshot wound in the chest, inflicted by a fellow officer during horseplay and a game of "quick draw” in the city police station. To win this case plaintiffs must overturn a final decision of the Law Enforcement Assistance Administration (LEAA) which denied the claimed benefits. Plaintiffs claim that the finding the deceased was still engaged in the game of quick draw at the time of his fatal injury is not reasonably supported by the evidence and is an abuse of discretion. Plaintiffs further allege that the LEAA’s denial of benefits is a breach of its own regulation requiring the Administration to resolve any reasonable doubt in favor of payment of death benefits under the Act. We do not find merit in either allegation.
The administrative record submitted to the court contains narrative reports of the accident made by participants promptly after the event, and they state that the deceased and two other young officers were "playing around” with their weapons, pointing them at one another, and contesting to see who could draw first. The phrase is also used that they "continued to clown around with their weapons” for some time. There is no evidence to suggest that the fatality was caused by anything other than accident.
Mrs. Howard appealed the initial denial of benefits and a hearing was held on October 9, 1980. She testified, as did the medical examiner, and the decedent’s father, a sergeant in the police department. They attempted to show that the "quick draw” play had ended before the shooting occurred. A notarized statement was offered to throw doubt on the earlier statement by an officer who was present at the time the fatal shot was fired and who had previously described the horseplay which led up to the shooting and in which the said officer participated. However, that officer himself did not make the notarized statement, which was plainly influenced by the deceased’s father, a senior officer in the police department.
The hearing officer sided with petitioners. He concluded that the decedent had not been engaging in horseplay at the time of the shooting, based on the above statements, as well *509 as a statement by the officer who fired the fatal shot. The examiner also concluded that even if decedent had been engaged in gunplay, it would have been authorized, since it was condoned by the department and the deceased’s immediate superiors.
On March 9, 1981, the acting administrator of the LEAA reversed the hearing examiner’s determination. He concluded that the death occurred while decedent was engaged in a "frivolous type of gunplay” that was "neither a requirement of employment nor condoned” by the police department. He concluded, further, that the weight of the most reliable evidence consisted of the statements made by the two surviving participants within 3 hours after the shooting and that later, contrary testimony was clearly self-serving or hearsay. Finally, the administrator determined that the gunplay was neither required as a condition of employment nor condoned by the police department. Therefore, it was not "in line of duty.” We agree with these conclusions and find that the administrator’s decision was neither arbitrary nor capricious, that it was based on substantial evidence, and that there was no reasonable doubt about the facts. This accords with our standard of review in such matters which is limited to ascertaining substantial compliance with the statutory and implementing regulations, the existence of substantial evidence to support the decision, and absence of abuse of administrative discretion involved. Morrow v. United States, 227 Ct. Cl. 290, 296, 647 F.2d 1099, 1102, cert. denied, 454 U.S. 940 (1981).
The LEAA regulation defining "line of duty” provides as follows:
(c) "Line of duty” means any action which an officer whose primary function is crime control or reduction, enforcement of the criminal law, or suppression of fires is obligated or authorized by rule, regulation, condition of employment or service, or law to perform, including those social, ceremonial, or athletic functions to which he is assigned, or for which he is compensated, by the public agency he serves. * * * [28 C.F.R. § 32.2(c) (1980).]
The horseplay which resulted in Officer Howard’s death was not approved in the Williamson police department, *510 although there was no specific written rule against it. This was made clear by the testimony of the decedent’s father. Regrettably, the police department did not provide any training with firearms. The officers involved here were young men in their 20’s, apparently without formal training in the use of deadly weapons.
In a recent case in this court it was held that eligibility under the Act "turns on whether the specific activity causing death was an inherent part of employment as an officer” and whether it was "required” of the officer. Budd v. United States, 225 Ct.Cl. 725 (1980). We consider that case (very close on the essential facts to the present claim) to be dispositive. The regulation is consistent with the Act which provides benefits only when the officer has died "as the direct and proximate result of a personal injury sustained in the line of duty.” 42 U.S.C. § 3796(a) (1976). Finally, we do not find any merit to the allegation that here any reasonable doubt must be resolved in favor of payment of the death benefit, 28 C.F.R. § 32.4, because here there is no reasonble doubt to be entertained. The regulation does not require that any doubt be resolved in favor of payment. Considering the circumstances of the incident and the record as a whole, there is no basis for reasonable doubt. In any event, that question is for the factfinder, absent a showing of abuse of discretion or absence of substantial evidence to support his findings. Plaintiffs have not met their burden to prove abuse of discretion or lack of substantial evidence. The final administrative decision is correct as a matter of law.
it is therefore ordered, upon consideration of the petition, the motion, the administrative record and exhibits supplied, without oral argument, that defendant’s motion for summary judgment is granted. The petition is dismissed.