The question in this case, which is before us on the government’s motion for summary judgment, is whether the Law Enforcement Assistance Administration ("leaa”) properly denied benefits under the Public Safety Officers’ Benefits Act ("Benefits Act”) based upon the death of the plaintiffs husband, a police official, who suffered a heart attack after he had used force to subdue and arrest a disorderly person. We hold for the government and dismiss the petition.
I.
On October 30, 1976, the plaintiffs husband, Kenneth Russell, the Chief of Police of the town of Amite, Louisiana, *1023 was called to quell a disturbance in a local bar. He subdued and took into custody Richard White, and transported him to the jail. The two struggled at some point prior to arriving at the jail. Almost immediately after their arrival Russell collapsed and died. The death certificate lists "cao,” or coronary arterial occlusion, as the cause of death. There apparently was no autopsy performed, making it impossible to determine the precise cause of the occlusion.
Mrs. Russell filed a claim with the leaa for benefits under the Benefits Act. The Act authorizes leaa to give $50,000 to the immediate family of public safety officers who die "as the direct and proximate result of a personal injury sustained in the line of duty.” 42 U.S.C. § 3796(a) (1976). leaa regulations define "personal injury” to include only "traumatic injuries.” 28 C.F.R. § 32.2(e) (1980). These injuries are distinguished from "traumatic events” (situations in which traumatic injuries may be likely to occur, but which do not themselves constitute traumatic injuries), "occupational diseases,” and "stress and strain.” Id. §§ 32.2(f)-32.2(g). Applying these regulations, leaa has determined that heart attacks generally do not constitute traumatic injuries, so that deaths from heart attacks do not qualify for Benefits Act benefits. See Smykowski v. United States, 227 Ct. Cl. 284, 647 F.2d 1103 (1981).
The plaintiff sought benefits, which the leaa denied administratively. At the plaintiff’s request a hearing was held, and the hearing officer upheld the denial. The Deputy Administrator of leaa affirmed the hearing officer’s determination. He stated:
It is my conclusion that Chief Russell’s death was due to a coronary artery occlusion precipitated by the stress and strain of his altercation or struggle with White. I find no credible evidence, medical or testimonial, to support a finding that Chief Russell suffered a traumatic injury during the arrest of White. Rather, the medical testimony supports a finding that Chief Russell’s death was the result of either chronic progressive cardiovascular disease leading to sudden arrhythmia or infarction (Dr. Nixon) or hyperventilation syndrome with coronary artery spasm (Dr. Phillips), neither of which was accompanied by a traumatic injury.
Plaintiff appealed the Administrator’s decision to the Court of Appeals for the Fifth Circuit. That court held that *1024 it was without jurisdiction over claims under the Benefits Act and transferred the case to this court, which it ruled has exclusive jurisdiction over those claims. Russell v. Law Enforcement Assistance Administration, 637 F.2d 354, 355-56 (5th Cir. 1981).
II.
The plaintiff argues that only the court of appeals, and not this court, has jurisdiction over her claim. Since she has not requested us to retransfer the case to the court of appeals, acceptance of her argument would result in dismissal of her suit. We conclude, however, that we have jurisdiction.
The well-reasoned opinion of the Fifth Circuit is convincing, and we follow it. The Fourth Circuit also has held that it lacks jurisdiction over these cases. Lankford v. United States, 620 F.2d 35 (4th Cir. 1980). The decision of the Ninth Circuit in Russell v. Law Enforcement Assistance Administration, 637 F.2d 1255 (1980), that it has jurisdiction was apparently rendered without awareness of our jurisdiction since one of the grounds of decision was that if that court had no jurisdiction, the leaa denial of benefits "could not be reviewed at all.” Id. at 1259.
This court previously has considered on the merits a number of Benefits Act claims. E.g., Smykowski, supra; Morrow v. United States, 227 Ct. Cl. 290, 647 F.2d 1099, cert. denied, 454 U.S. 940 (1981); Harold v. United States, 225 Ct. Cl. 168, 634 F.2d 547 (1980). We hold that we have jurisdiction to review the leaa’s denial of claims under the Benefits Act.
III.
On the merits, Smykowski v. United States, supra, controls this case. Officer Smykowski died immediately after struggling with two suspects while attempting to arrest them, leaa found that his death resulted from a heart attack, but ruled that it "was not the direct and proximate result of a personal injury.” 227 Ct. Cl. at 287, 647 F.2d at 1105. It concluded that there was a "traumatic *1025 event,” but no "traumatic injury” resulting in death. This court affirmed, rejecting the contention that "the physical struggle in which Officer Smykowski engaged just prior to his death should itself be deemed to be a compensable traumatic injury under the regulations.” Id. at 289, 647 F.2d at 1106.
Plaintiff attempts to distinguish the circumstances of Smykowski’s death from those of Russell’s. An autopsy of Smykowski’s body showed that he had chronic progressive heart disease. There was no autopsy in this case, the medical testimony in the record is inconclusive, and the plaintiff argues that the possibility that a hyperventilation syndrome may have been involved in Russell’s death is sufficient to distinguish the two cases. But Russell’s physician had diagnosed the possibility of hyperventilation syndrome two years before Russell’s death. Moreover, the physician testified that "hyperventilation syndrome ... is a manifestation of anxiety.” The fact that the condition existed prior to the incident in which Russell died, and that it was tied to the "stress and strain” inherent in police work and specifically excluded from Benefits Act coverage, is substantial evidence that supports the Administrator’s decision.
The plaintiff makes a number of policy arguments against the leaa’s statutory interpretation excluding heart attack deaths from the Benefits Act. But as this court stated in Smykowski, "The public policy questions whether, and under what circumstances, heart attack deaths in the line of duty should be made compensable under psoba [Public Safety Officers Benefits Act] involve technical and fiscal judgments best left to Congress and the agency.” Id.
The defendant’s motion for summary judgment is granted, and the petition is dismissed.