Alma E. GREELEY, Executrix of the Estate of Plaintiff, Lawrence E. Greeley, Plaintiff–Appellee,

v.

The UNITED STATES, Defendant–Appellant.

No. 94–5121.

United States Court of Appeals, Federal Circuit.

March 15, 1995.

Peter W. Dicce, Beatty, Young, Otis & Lincke, Media, PA, argued for plaintiff-appellee.

Thomas Parker McLish, Atty., Dept. of Justice, Washington, DC, argued for defendant-appellant. With him on the brief were

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Anthony H. Anikeeff, Asst. Director.

Before ARCHER, Chief Judge, LOURIE, and CLEVENGER, Circuit Judges.

ARCHER, Chief Judge.

The United States appeals the March 30, 1994 judgment of the United States Court of Federal Claims, as set forth in the May 17, 1994 opinion in *Greeley v. United States*, 30 Fed.Cl. 721 (1994), reversing the denial by the Bureau of Justice Assistance (BJA) of the claim of Alma E. Greeley (Greeley), Executrix of the Estate of Fire Chief Lawrence E. Greeley (Chief Greeley), for $100,000 in survivor benefits pursuant to the Public Safety Officers' Benefits Act (PSOBA or Act). We reverse.

## I.

Chief Greeley and another fire fighter had just extinguished a fire in the basement of a building when Chief Greeley complained of chest pains. After being taken to a nearby hospital, he died in the emergency room. An autopsy showed that the cause of death was "cardiac arrhythmia and/or arrest."

Greeley applied to the BJA for survivor benefits pursuant to the PSOBA. In denying the claim, the BJA claims officer found that Chief Greeley's "death was caused by a cardiac arrhythmia due to atherosclerotic cardiovascular disease." The claims officer further stated: "[A] public safety officer's death which results from a chronic, congenital, or progressive disease or other condition of the body is not covered by the Act, unless a traumatic injury was a substantial factor in the death."

Greeley requested reconsideration. After reviewing additional written documentation from both parties, a BJA hearing officer again determined that Greeley was not entitled to survivor benefits because of lack of evidence of a traumatic injury. The hearing officer explained:

> The only argument to be made on this [question of a traumatic injury] would seem to be the possibility that oxygen provided during resuscitation efforts [by pure

oxygen therapy] would have displaced carbon monoxide in Captain Greeley's blood if it were present. This argument cannot be proven, is entirely speculative, and thus does not constitute a reasonable doubt in the opinion of this Hearing Officer.

Greeley then filed suit in the Court of Federal Claims, asserting that the BJA failed to demonstrate that Chief Greeley died as a result of heart disease as opposed to some traumatic injury related to the fire. She also argued that the BJA erroneously determined that Chief Greeley had worn a breathing apparatus when he entered the smoke-filled building. Based on the reports of Greeley's medical experts, the Court of Federal Claims concluded that the record did not support the BJA's finding that Chief Greeley had died as a result of heart disease. In the absence of a discernable cause of death, the court determined that he must have died as a result of the environmental conditions encountered at the fire. The court found: "Chief Greeley's death was caused by climatic conditions which resulted from the smoky fire he was helping to extinguish." As for the lack of evidence of smoke inhalation in the autopsy report, the court determined that "the absence of carbon monoxide in Chief Greeley's blood gas drawn at the hospital was the result of any such traces having been flushed ... by the pure oxygen therapy."

## II.

The Court of Federal Claims has limited authority to review the administrative decision of the BJA. *Chacon v. United States*, 48 F.3d 508 (Fed.Cir.1995). Such review is limited to determining "(1) whether there has been substantial compliance with statutory and implementing regulations; (2) whether there has been any arbitrary or capricious action on the part of the Government officials involved; and (3) whether there was substantial evidence supporting the decision." *Morrow v. United States*, 227 Ct.Cl. 290, 296, 647 F.2d 1099, 1102, *cert. denied*, 454 U.S. 940, 102 S.Ct. 475, 70 L.Ed.2d 247 (1981). In reviewing the judgment of the Court of Federal Claims, which

we do *de novo,* we apply this deferential standard anew. *See Matsushita Elec. Indus. Co. v. United States,* 929 F.2d 1577, 1578 (Fed.Cir.1991); *cf. Hines v. Secretary of Dept. of Health and Human Servs.,* 940 F.2d 1518, 1524 (Fed.Cir.1991).

The PSOBA, Pub.L. No. 94–430, 90 Stat. 1346 (1976) (codified as amended at 42 U.S.C. § 3796 *et seq.* (1988 & Supp. V 1993)), provides for the payment of a $100,000 benefit to a public safety officer who has died as the "direct and proximate result of a personal injury sustained in the line of duty." 42 U.S.C. § 3796(a). The government does not contest that Chief Greeley was a public safety officer or that his death occurred in the line of duty.

The BJA by regulation has defined a "personal injury" to mean "any traumatic injury, as well as diseases which are caused by or result from such an injury, but not occupational diseases." 28 C.F.R. § 32.2(e) (1994). "Traumatic injury," in turn, is defined as follows:

> *Traumatic injury* means a wound or a condition of the body caused by external force, including injuries inflicted by bullets, explosives, sharp instruments, blunt objects or other physical blows, chemicals, electricity, climatic conditions, infectious diseases, radiation, and bacteria, but excluding stress and strain.

*Id.* § 32.2(g).

The government argues that the resolution of this appeal depends on whether the claimant has shown that Chief Greeley died of a traumatic injury. By contrast, Greeley contends that the issue on appeal is whether the BJA has proven that Chief Greeley died as a result of heart disease.

### III.

■ A claimant has the burden of showing a traumatic injury for entitlement to survivor benefits under the Act. *See* 28 C.F.R. § 32.21(b) ("The claimant's failure to submit evidence on a material issue or fact as requested by the Bureau shall be a basis for determining that the claimant fails to satisfy the conditions required to award a benefit or fee or any part thereof."). Greeley alleges

that the cause of death was injury from "smoke inhalation, carbon monoxide intoxication, or other acute injury." Yet, Greeley presented no evidence that any of these injuries occurred. Her medical experts conceded that there was no indication in the autopsy that Chief Greeley had experienced any traumatic injury. Greeley's medical experts disagreed with the conclusions of the government's medical experts that heart disease was the cause of death. They opined that some traumatic injury, such as the inhalation of smoke or carbon monoxide, might have been the cause of death, and they asserted that the evidence of such inhalation may have been dissipated or masked by the administration of pure oxygen on the way to the hospital. The Court of Federal Claims seems to have adopted these medical experts' unsupported speculations as fact. We are convinced, however, that Greeley has failed to establish that a traumatic injury was the cause of Chief Greeley's death.

■ The Court of Federal Claims also apparently disagreed with the findings of the BJA with regard to whether Chief Greeley had worn a breathing apparatus. The BJA found that Chief Greeley had worn a breathing apparatus both when he entered and when he exited the smoke-filled basement. By holding that Chief Greeley died of smoke inhalation or other similar climatic condition, the Court of Federal Claims seems to suggest that Chief Greeley had not worn a breathing apparatus. In the absence of evidence to the contrary, the factual determination by the BJA on this question was supported by substantial evidence. Thus, the finding by the BJA must stand, and the implicit suggestion to the contrary by the Court of Federal Claims is in error.

■ We conclude that the mere possibility of traumatic injury is not enough to give rise to a claim under the PSOBA. *See, e.g., Russell v. United States,* 231 Ct.Cl. 1022, 1024–25, 1982 WL 25838 (1982); *Smykowski v. United States,* 227 Ct.Cl. 284, 289, 647 F.2d 1103, 1106 (1981); *Cartwright v. United States,* 16 Cl.Ct. 238, 240 (1989); *North v. United States,* 1 Cl.Ct. 93, 95, 555 F.Supp. 382 (1982).

Despite the lack of evidence of a traumatic injury, Greeley nevertheless contends that the Court of Federal Claims properly rejected the findings of the BJA by resolving any reasonable doubt involving Chief Greeley's death to the favor of the claimant. *See* 28 C.F.R. § 32.4 ("The Bureau shall resolve any reasonable doubt arising from the circumstances of the officer's death or permanent and total disability in favor of payment of the death or disability benefit."). Yet, where a claimant does not even make a prima facie showing of a traumatic injury, there cannot be any reasonable doubt to which the claimant is entitled. *See Tafoya v. United States,* 8 Cl.Ct. 256, 264 (1985) ("Where there is no reasonable doubt concerning an issue, plaintiff is not entitled to the benefit of section 32.4."). Moreover, the regulations implementing the PSOBA stipulate that the injury must be a "substantial factor" in the cause of death. *See* 28 C.F.R. § 32.2(d) (*"Direct and proximate, direct,* or *proximate* means that the antecedent event is a substantial factor in the result."). Here, Greeley has not demonstrated any traumatic injury, much less that such an injury was a substantial factor in Chief Greeley's death. *See Morrow,* 227 Ct. Cl. at 296, 647 F.2d at 1103 (affirming agency finding that fireman's death by cardiac arrest was not a result of a traumatic injury in the absence of evidence that smoke inhalation was a substantial factor in the cause of death).

Accordingly, the judgment of the Court of Federal Claims is

*REVERSED.*