**Juan A. MARTINEZ, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1552C.**

United States Claims Court.

Oct. 28, 1992.

Juan A. Martinez, pro se.

William C. Peachey and Robert J. Krask, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. Lieutenant Colonel W. Gary Jewell and Captain W. Renn Gade, Arlington, Va., of counsel.

## OPINION

MARGOLIS, Judge.

This case is before the court on cross motions for summary judgment. Plaintiff appeals a decision of the Army Board for Correction of Military Records ("ABCMR") confirming plaintiff's disenrollment from the Reserve Officers Training Corps ("ROTC") program for marijuana use. Plaintiff filed suit in the United States District Court for the Western District of New York, which transferred his claim to the United States Claims Court. Plaintiff seeks injunctive, declaratory, and compensatory relief. Defendant claims that this court lacks jurisdiction to hear plaintiff's claim and, alternatively, that the ABCMR's decision was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence. After considering the record and hearing oral argument, this court finds that while it has jurisdiction to hear plaintiff's claim for compensatory relief, the ABCMR's decision was proper, both procedurally and substantively. Accordingly, this court grants defendant's motion for summary judgment.

## FACTS

Defendant United States, through the U.S. Army ("Army"), admitted plaintiff, Juan A. Martinez ("Martinez"), into its ROTC program at State University of New York—Oswego on September 8, 1983. By 1985, Martinez had enrolled in the Senior ROTC program's advanced course and was receiving a $100 per month stipend.

Martinez was scheduled for commissioning as a second lieutenant in December 1985, on completion of his degree requirements. On November 21, 1985, Martinez underwent a pre-commissioning physical examination. In response to questioning by the physician, Martinez admitted that he used marijuana two months prior to the exam.

In consequence of his admission, the Army disenrolled Martinez from the ROTC program on December 10, 1985 for failing to meet medical requirements under Army Regulation ("AR") 145–1, para. 3–26a(3) (directing that ROTC cadets be disenrolled when medical disqualification is determined by proper authority). The disenrollment came ten days before Martinez's commissioning.

On March 27, 1986, Martinez filed a Request for Exception/Waiver stating that he was medically qualified for commissioning according to applicable regulations. On May 27, 1986, the U.S. Army Cadet Command in Fort Monroe, VA ("the Command") revoked Martinez's disenrollment order because marijuana use is not a medical problem unless substance dependency is demonstrated. However, Martinez "remain[ed] administratively disqualified for commissioning on the basis of his marijuana usage." Def.'s Mot.Summ.J.App. at 107.

As Martinez's request for waiver did not contain sufficient information to grant a waiver of this administrative disqualification, the Command directed the Professor of Military Science ("PMS") heading the U.S. Army ROTC Instructor Group at Syracuse University to convene a Formal Board of Officers to consider Martinez's marijuana use, pursuant to AR 15-6. The board, consisting of three voting officers having the grade of captain and a non-voting recorder, conducted a hearing on July 16, 1986 to recommend to PMS whether Martinez should be retained in the ROTC program or disenrolled. *See* AR 15-6, para. 5-1. Martinez, designated a respondent, was represented by military counsel and participated fully in the proceedings. *See* AR 15-6, para. 5-4, -6.

The Formal Board of Officers found that Martinez exhibited undesirable character traits through his admitted use of marijuana, and that this admission gave the Army grounds for disenrolling him from the ROTC program, in accordance with AR 145-1, para. 3-26a(14).[1] The board found that Martinez's actions did not constitute willful evasion of the obligations of his ROTC contract; however, the board determined that Martinez was no longer motivated to serve as a commissioned Army officer. Consequently, the board recommended that Martinez be disenrolled from the ROTC program.

Martinez requested the ABCMR to review the Formal Board of Officers' decision. Martinez requested that: (1) his records be purged of all material related to his disenrollment from the ROTC, (2) he receive restitution for violation of his constitutional rights, and (3) he receive compensation equal to his potential earnings in the military, and that any compensation due be assessed against the three officers involved in the matter.

The ABCMR denied plaintiff's request. The ABCMR found that Martinez "failed to submit sufficient relevant evidence to demonstrate the existence of probable material error or injustice." Def.'s Mot. Summ.J.App. at 181. The ABCMR concluded that the proceedings were conducted according to applicable law and that Martinez was properly disenrolled. Further, the ABCMR agreed with the Deputy Chief of Staff for Personnel's opinion that while Martinez's initial disenrollment for medical reasons was improper, the Army later validly disenrolled Martinez for admitting he used marijuana.

The ABCMR did not explore Martinez's constitutional contentions, stating that these "are a matter for resolution by the judiciary rather than an administrative board." Def.'s Mot.Summ.J.App. at 181. Nor did it find jurisdiction to assess fines or penalties against the individual officers.

## DISCUSSION

Plaintiff asks this court to enjoin the military from asking about marijuana use. He asks the court to define the rights, privileges and immunities of "medical inductees" and Senior ROTC cadets and to declare which laws, rules, and regulations apply to them. Plaintiff seeks a money award in an amount equal to the salary and fringe benefits of a second lieutenant over

---

1. AR 145-1, para. 3-26a states in relevant part:
    The PMS will disenroll a cadet from the ROTC for the following reasons....
    ....
    (14) Undesirable traits of character demonstrated by cheating on examinations, stealing, unauthorized possession or use of habit-forming drugs, LSD, or marijuana, conviction of felonious acts, frequent incidents of discreditable nature with civil or university authorities, dishonorable failure to pay just debts, or similar acts.

a six-year period, the period of contractual obligation incurred by a ROTC cadet. He also seeks $10,000,000 in punitive damages for alleged violations of his "constitutional and other rights."

Defendant moves to dismiss plaintiff's complaint for lack of jurisdiction. In the alternative, defendant moves for summary judgment on the basis that there are no issues of material fact and that the ABCMR's decision was not arbitrary or capricious, contrary to law or regulation, or unsupported by substantial evidence. Plaintiff also moves for summary judgment.

*Compensatory Relief*

■ This court generally has authority to review alleged unlawful separation actions taken by the military, allowing the claimant to recover retroactively the pay and allowances of the position the claimant occupied at separation. *United States v. Testan,* 424 U.S. 392, 402, 96 S.Ct. 948, 955, 47 L.Ed.2d 114 (citing *United States v. Wickersham,* 201 U.S. 390, 26 S.Ct. 469, 50 L.Ed. 798 (1906)).

Martinez claims that his separation was unlawful and requests the salary and fringe benefits of a second lieutenant for the six-year period he would have been obligated to serve in the Army. At the time of his separation from the military, Martinez was a Senior ROTC cadet receiving a monthly stipend. His status as a ROTC cadet would have ended when he graduated and received his commission: ten days after his disenrollment.

■ The United States undertook to pay Martinez until his current ROTC assignment ended, unless the Army properly discharged him prior to that time. *See Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975). The alleged unlawful separation interrupted a continuing obligation between Martinez and the United States. Thus, this court has jurisdiction to review Martinez's alleged unlawful separa-

tion action based on his premature disenrollment from ROTC.

This court cannot, however, base any relief on Martinez's expectation of a commission as a second lieutenant, which was within the Army's discretion to either grant or deny. *Wright v. United States,* 209 Ct.Cl. 734, 734–35, 538 F.2d 347 (1976); *see also Testan,* 424 U.S. at 402, 96 S.Ct. at 955 (stating that "[t]he established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it").

■ Martinez appeals a decision of the ABCMR confirming the earlier decision of a Formal Board of Officers that reviewed Martinez's case. The scope of judicial review for a military board's decision is narrow and the plaintiff's burden of proof is high. The court's review is limited to the administrative record.[2] *Long v. United States,* 12 Cl.Ct. 174, 175–77 (1987). The decision of the military board may be set aside only if it is arbitrary, capricious, or not based on substantial evidence. *Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983). Further, the plaintiff must overcome a strong presumption that the review board officials "discharge[d] their duties correctly, lawfully, and in good faith." *King v. United States,* 19 Cl.Ct. 703, 705 (1990), *aff'd,* 918 F.2d 186 (Fed.Cir.1990) (quoting *Sanders v. United States,* 219 Ct.Cl. 285, 302, 594 F.2d 804, 813 (1979)).

*Plaintiff's Procedural Challenges to ABCMR Decision*

■ Plaintiff contends that the Army violated his due process rights. This court finds that Martinez's procedural due process rights were amply satisfied. Martinez in effect received two separate reviews of the Army's disenrollment decision: before the Formal Board of Officers and before the ABCMR. These administrative reviews complied fully with military regulations.

Martinez maintains that he had a property interest in an Army career which enti-

---

2. This court notes that it must deny plaintiff's request for discovery because review is limited to the administrative record.

tled him to a hearing and that the hearing he received before the Formal Board of Officers came too late to be meaningful. Martinez had no constitutional right to remain with the military, nor did he have a constitutional right to a full evidentiary hearing before disenrollment. *See Paskert v. United States,* 20 Cl.Ct. 65, 77 (1990).

The proceedings before the Formal Board of Officers complied with the requirements of AR 15-6. Martinez was present before the board. He had an opportunity to present evidence, examine witnesses, and testify. The board considered Martinez's statements, recommendations of the PMS, and military records before determining that Martinez should be disenrolled for exhibiting undesirable character traits through his use of marijuana.

The ABCMR provided a second review of the Army's disenrollment decision. The ABCMR's review complied with the applicable statute, 10 U.S.C. § 1552, and military regulations, 32 C.F.R. § 581.3. Martinez elected not to appear before the ABCMR. In his application for correction of military records, Martinez challenged the discharge for "undesirable traits of character" primarily on Fifth Amendment grounds. The ABCMR considered statements made in Martinez's application, the summary of proceedings before the Formal Board of Officers, Martinez's letter correcting the summary of those proceedings, his military personnel records, and an advisory opinion of the Deputy Chief of Staff for Personnel. Accordingly, this court finds that the two reviews of Martinez's disenrollment satisfied procedural due process requirements.

In arguing that the Army failed to follow proper procedures, Martinez challenges the composition of the Formal Board of Officers. He alleges that the board members were subject to "conflict[s] of interest" and "unlawful command influence." Compl. at 4. The ABCMR considered these allegations in evaluating his case and found that the board's proceedings were proper. This court finds no reason to disagree. At the time of the proceeding before the Formal Board of Officers, Martinez was given the opportunity to challenge any of the board

members for cause and declined to do so. In short, Martinez has not presented evidence by which this court could conclude that the ABCMR acted arbitrarily or capriciously in determining implicitly that the members of the Formal Board of Officers acted correctly, lawfully, and in good faith. *See King,* 19 Cl.Ct. at 705.

Martinez also indicates that he had inadequate time to prepare for the Formal Board of Officers hearing with his appointed counsel, and as a result, counsel's assistance was rendered ineffectively. However, Martinez failed to demonstrate, either before the ABCMR or here, that lack of preparation time prejudiced him. This court accordingly upholds the ABCMR's finding that the Formal Board of Officers' proceedings were proper.

*Plaintiff's Substantive Challenges to ABCMR Decision*

■ To succeed in his claim, Martinez must show that the ABCMR's decision was arbitrary or capricious, contrary to law or regulation, or unsupported by substantial evidence. However, as defendant notes: "the Army's decision to disenroll Mr. Martinez from a program designed to train students for leadership positions because of his use of an illegal substance shortly before commissioning can hardly be deemed arbitrary or capricious." Def.'s Mot.Summ.J. at 11; *cf. Williams v. Secretary of Navy,* 787 F.2d 552, 553–55 (Fed. Cir.1986) (outlining congressional and service concerns with drug use in the military).

Martinez contends that an isolated instance of marijuana abuse does not constitute an "undesirable trait[ ] of character" within the meaning of AR 145-1, para. 3-26a(14). However, it was not arbitrary or capricious for the ABCMR to conclude that the Formal Board of Officers' decision that Martinez's action was within that regulation was proper. In addition to the express language of AR 145-1, para. 3-26(14), policy promulgated in 1983 by the Headquarters United States Army Training and Doctrine Command ("Headquarters") indicates that self admitted use of marijuana while in the ROTC program requires a waiver

approved by Headquarters. Def.'s Mot. Summ.J.App. at 75. Further, "[a]s a matter of policy, favorable consideration will not be given requests for waivers in those cases involving long term or recent usage." *Id.*

Martinez claims that the Army obtained his admission through coercion, in violation of his right against self-incrimination pursuant to the Fifth Amendment and Article 31 of the Uniform Code of Military Justice ("UCMJ"), and thus this evidence of marijuana use was inadmissible in his administrative separation hearing. According to Martinez, the physician's questions did not reflect the Army's diagnostic criteria for marijuana abuse, and thus were intended to provide evidence for separation proceedings rather than to supply medical information. Martinez asserts that this information, because it was obtained for medical purposes, should not form the basis for an administrative disenrollment.

■ Limited questioning during a medical examination is not a custodial interrogation; thus, the Fifth amendment privilege against compelled self-incrimination does not apply. *See Gross v. United States,* 209 Ct.Cl. 70, 79, 531 F.2d 482, 488 (1976). Likewise, Article 31 of the UCMJ does not apply because Martinez was neither accused nor suspected of an offense. *Id.* Further, even if Martinez had shown that his admission was obtained in violation of his rights against self-incrimination, the disenrollment proceedings were not criminal and "it does not follow that plaintiff's statement[ ] ... could not be used in the administrative proceedings at issue." *Varn v. United States,* 13 Cl.Ct. 391, 396 (1987); *cf. Giles v. Secretary of Army,* 627 F.2d 554, 557 (D.C.Cir.1980) (restricting ban on use of compelled urinalysis results in administrative proceedings to circumstances where a stigma would be associated with the dismissal).

■ Martinez relies in part on the Civil Rights Act, 42 U.S.C. § 1983 (1988), to support his claim for alleged violation of his due process rights and his allegations of racial discrimination. He asserts that the Army assumes that he is a drug abuser because he is of hispanic descent and its refusal to grant him a waiver is racially motivated. This court has no jurisdiction over cases arising under the Civil Rights Act. *Anderson v. United States,* 22 Cl.Ct. 178, 179 n. 2 (1990), *aff'd,* 937 F.2d 623 (Fed.Cir.1991).

■ Martinez also bases his claims against the individual officers involved on the Federal Tort Claims Act ("FTCA"). The district courts have exclusive jurisdiction in FTCA actions. 28 U.S.C. § 1346(b) (1988).

*Declaratory and Injunctive Relief*

■ Martinez asks this court to enjoin the military from asking about marijuana use. Martinez also asks the court to declare which rights, privileges, and immunities of military service apply to "medical inductees" and Senior ROTC cadets, and which rules and regulations apply to these individuals. Martinez is clearly seeking equitable relief that this court has no power to grant. *See Froudi v. United States,* 22 Cl.Ct. 290, 294–97 (1991).

The United States Claims Court does not have the authority to issue declaratory judgments to agencies to amend or clarify their procedures. *Ashgar,* 23 Cl.Ct. 226, 231 (1991). The court "ha[s] no authority to enter a declaratory judgment, or to grant affirmative non-monetary relief unless it is tied and subordinate to a monetary award." *Austin,* 206 Ct.Cl. at 723 (citing *United States v. King,* 395 U.S. 1, 5, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969) and *Jankovic v. United States,* 204 Ct.Cl. 807 (1974)).

In seeking to obtain jurisdiction over his request for declaratory relief, Martinez references the Administrative Procedures Act ("APA"). The APA's chapter on judicial review, 5 U.S.C. §§ 701–706 (1988), waives sovereign immunity to allow a person who is legally wronged by an agency action within the meaning of a relevant statute, to obtain judicial review of that action when money damages are not involved. 5 U.S.C. § 702. Since the APA does not mandate the payment of money damages, Martinez

cannot base this court's jurisdiction on the APA. *Froudi*, 22 Cl.Ct. at 296; *see Ashgar*, 23 Cl.Ct. at 230.

*Punitive Damages*

██ Plaintiff requests this court to award him punitive damages of $10,000,000 for violation of "his constitutional and oth-. er rights." This court has no jurisdiction to grant punitive damages. *Garner v. United States*, 230 Ct.Cl. 941, 943 (1982).

*Other Arguments*

The court has considered plaintiff's other arguments and finds them without merit.

## CONCLUSION

This court finds that, with respect to plaintiff's request for compensatory relief, the decision of the ABCMR was not arbitrary or capricious, contrary to law or regulation, or unsupported by substantial evidence. The court denies plaintiff's request for discovery in view of the scope of review for ABCMR decisions. The court lacks jurisdiction to entertain plaintiff's requests for declaratory and injunctive relief, and for punitive damages. Accordingly, defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied, and the complaint is dismissed. The clerk is directed to enter judgment accordingly. No costs.