Felton L. MATTHEWS, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 06–300 C.

United States Court of Federal Claims.

July 27, 2006.

Felton L. Matthews, Jr., Ely, NV, pro se.

*OPINION*

HEWITT, Judge.

Pro se plaintiff Felton L. Matthews, Jr. is an inmate in the Nevada Department of Corrections in Ely, Nevada. Plaintiff has made an application to proceed in forma pauperis against the United States, the Department of Justice, various judges and clerks of court and others, named and unnamed.[1] Complaint (Compl.) at 1. Plaintiff alleges that the United States and other named and unnamed defendants have delayed the sending of plaintiff's outgoing mail, thus blocking plaintiff's access to justice;[2] have obstructed the receipt of plaintiff's incoming mail; have libeled plaintiff by placing and refusing to correct false information about him in prison files; and have failed to protect plaintiff against this alleged conduct despite the relief plaintiff has requested in previous civil suits. *See generally id.* at 2–8. It appears that plaintiff also alleges that the federal courts in Nevada abused their discretion in finding that Section 1915(g) of Title 28 of the United States Code applied to plaintiff to prevent him from proceeding in forma pauperis and by failing to consider the merits of plaintiffs' claims. *See* Compl. at 2. Plaintiff alleges that the United States and the other named and unnamed defendants have conspired to keep plaintiff in prison "to protect themselves from public scandal and prosecution." *Id.* at 7.

Plaintiff asserts that this court has jurisdiction under Sections 1961 and 1962 of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968

1. In addition to naming the United States as defendant in this matter, plaintiff names the United States Department of Justice; Shirley Parraguiere, Clerk, Clark County, Nevada; Donna M. Bath, Clerk, White Pine County, Nevada; Judge D.B. Mosley, 8th Judicial District Court, Clark County, Nevada; Unknown Mail Room Clerks, Nevada Department of Corrections; Unknown Mail Carrier/Postmasters, Zip Codes 89419, 89301, 89014, 89101, 89155; District Attorney Craig Hendricks, Clark County, Nevada; and Judges E.C. Reed and J.L. Hicks, U.S. District Court, Reno, Nevada. Complaint (Compl.)

at 1. It is not clear whether plaintiff is filing suit against these named defendants in their official or individual capacities, but this point is not material to the court's disposition of the case.

2. Plaintiff specifically alleges that the delays in sending his outgoing mail have resulted in late filing of plaintiff's claims, so that they were barred from consideration by the statute of limitations. Compl. at 4–5; *see id.* at 6 (describing length of delay).

(2000);[3] 18 U.S.C. § 1701 (2000) (covering obstruction of mail); the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (2000); the Libel Protection Act; 42 U.S.C. § 1983 (2000); and the All Writs Act, 28 U.S.C. § 1651 (2000) (covering the granting of writs by courts "in aid of their respective jurisdictions and agreeable to the usages and principles of law"). Plaintiff further alleges that he is in imminent danger of serious bodily harm. Compl. at 2; see id. at 7–8. Plaintiff requests monetary damages in the amounts of: "unspecified [money] damages above [$] 10,000 for not protecting me under 18 U.S.C.A. & 42 U.S.C.A. § 1983"; "[$]300,-000[ ] punitive for the conduct of the post-masters, NDOC mail clerks, and the Federal court in . . . Reno"; and "damages [of $]10,-500[ ] for pain and suffering, specific, plus punitive." Id. at 9. Plaintiff also requests the following equitable relief: a court-ordered investigation into the delay of plaintiff's mail; indictments of those responsible; an injunction against further delay or blocking of plaintiff's mail; removal of "slander" of plaintiff from defendant's files; and "all equitable relief available to include Habeas Corpus." Id. at 8–9.

█ On June 5, 2006, plaintiff filed his Supplemental Complaint w/Request for counsel and Investigator (Am. Compl. or Amended Complaint), in which plaintiff describes his mail-tampering allegation in greater detail, states that the court "cannot" dismiss the complaint for lack of jurisdiction, and requests counsel and an investigator to assist him in substantiating the allegations of mail tampering. Plaintiff does not claim that he has the right to assistance of counsel or an investigator and does not provide authority for either proposition. It is settled that plaintiff does not have the right to assistance of counsel in this civil matter, see U.S. Const. amend. VI; Lariscey v. United States, 861 F.2d 1267, 1270–71 (Fed.Cir.1988) (stating that "a right to appointed counsel exists only when the indigent may lose his/her personal freedom if the action is lost" and that, "[b]eyond this narrow framework, the Supreme Court has not recognized a constitutional right to appointed counsel in civil matters" and declining to recognize a right to counsel under the circumstances of the case) (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 26–27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)). The court declines to appoint counsel or an investigator to assist plaintiff.

On July 12, 2006, plaintiff filed his Motion for Summary Judgement & repeal of the Prisoner Litigation Reform Act (or in Alternative Reconsideration)[4] (Pl.'s Mot. or plaintiff's motion). Plaintiff filed his Affidavit of uncontroverted Facts in Support of Motion for Summary Judgement Filed [Pursuant to] Rule 56(H) (Statement of Facts) by leave of court on July 24, 2006. In addition to reiterating many of his claims, plaintiff states that a district attorney, a court reporter, and a court clerk intentionally altered the record in plaintiff's habeas corpus proceeding and presented the altered record to the court. Pl.'s Mot. at 1. In his motion, plaintiff also states that the court "refuse[s] to rule" on plaintiff's petition for habeas corpus, id. at 2, complains of delay in court proceedings, id. at 3, requests that "[t]he Prisoner Litigation

3. Plaintiff appears to be alleging that defendant has violated the provisions of RICO by interfering with the sending of and receipt of plaintiff's mail. See Compl. at 4. The court notes that plaintiff may also be alleging that all of the activities detailed in the complaint collectively violate RICO because such activities amount to a conspiracy to keep plaintiff in prison "to protect themselves from public scandal and prosecution." Id. at 7. These possible alternative interpretations are not material to the court's disposition of the case.

4. Because of the timing of this filing—prior to any decision in the case, plaintiff's request for reconsideration is not ripe for judicial review. Reconsideration of an opinion or other action by a court presupposes an underlying prior action

which the court may then reconsider. See Rule 59(b) of the Rules of the Court of Federal Claims (RCFC) (stating the requirement that "a motion for . . . reconsideration of a judgment . . . shall be filed no later than 10 days after the entry of the judgment" and therefore contemplating that the court will have rendered a decision or taken some other action in the case before the court may entertain a motion for reconsideration) (emphasis added); see also RCFC 59 rules committee note (2002) (recognizing that both final and non-final orders may be the subject of motions for reconsideration). Because the court, prior to this opinion, has not rendered any decision in the case, the court DENIES plaintiff's motion for reconsideration.

Reform Act ... be repealed and modified under the 'Freak Case' rule," *id.* at 4,[5] and states that plaintiff "is entitled to summary Judgement" based on "the U.S. government['s] ... duty to protect him from the conduct in this motion," *id.* Plaintiff reiterates his request for injunctive relief, habeas corpus, and monetary damages "both actual and punitive" and requests for the first time "a *percentage* of what the government recovers under 18 U.S.C.A. and 42 U.S.C. § 1983." [6] *Id.*

The court first considers plaintiff's application to proceed in forma pauperis. The court then considers whether the court has jurisdiction to entertain plaintiff's claims. Because the court determines that it lacks jurisdiction over plaintiffs' claims for the reasons stated below, the court DENIES plaintiff's motion for summary judgment, DENIES plaintiff's motion to repeal the Prison Litigation Reform Act, and DISMISSES plaintiff's claims.

I. Application to Proceed in Forma Pauperis

■ Plaintiff has applied to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Section 1915(a) of Title 28 provides that "any court of the United States" may authorize the waiver of the filing fee pursuant to an application to proceed in forma pauperis. 28 U.S.C. § 1915(a). "[C]ourt of the United States" is defined for purposes of Title 28 of the United States Code as "includ[ing] the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. Although this court was established by an act of Congress, this court has been found not to meet the definition of "court of the United States" because the

judges appointed to the court are appointed for limited terms and are therefore not judges who are "entitled to hold office during good behavior." *Cofield v. United States,* 25 Cl.Ct. 465, 466 (1992); *see also Lariscey,* 861 F.2d at 1271 ("The [United States Court of Federal Claims] is not a 'court of the United States' in terms of 28 U.S.C. § 1915."). Shortly after the *Cofield* decision, Congress passed the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing this court to exercise the functions described in 28 U.S.C. § 1915. Court of Federal Claims Technical and Procedural Improvements Act of 1992, Pub.L. No. 102–572, § 909, 106 Stat. 4506, 4519 (codified as amended at 28 U.S.C. § 2503(d) (2000)); *see Hayes v. United States,* 71 Fed. Cl. 366, 367–70 (2006) (reviewing the history of the authority of this court to grant an application to proceed in forma pauperis). This court now has authority to waive the prepayment of filing fees and grant a motion to proceed in forma pauperis. 28 U.S.C. § 2503(d); *Hayes,* 71 Fed.Cl. at 370 (granting application to proceed in forma pauperis).

Because plaintiff is a prisoner, the court reviews plaintiff's application to proceed in forma pauperis under the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321–73 (1996) (codified in relevant part at 28 U.S.C. § 1915) (PLRA). First, the court reviews plaintiff's financial statement to determine whether he is financially eligible for waiver of the filing fee. *See* 28 U.S.C. § 1915(a)-(b). Second, the court reviews plaintiff's history of suit in the federal courts because the "three strikes rule" of the PLRA, codified at 28 U.S.C. § 1915(g), precludes a prisoner from proceeding in forma pauperis if the prisoner, on three or more prior occasions while incarcerated, filed civil actions or appeals in federal court which were dismissed as being frivolous or malicious or for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(g).

---

5. Plaintiff does not direct the court to any authority supporting the existence of a "Freak Case" rule, nor has the court been able to identify any such rule.

6. Plaintiff states, "The U.S. Government has a vested interest in the recovery of damages against the Nevadan conduct." Pl.'s Mot. at 4.

Although it is not clear to which conduct plaintiff refers, plaintiff appears to request a percentage of damages recovered against the State of Nevada in the event that the United States sues the State of Nevada under Title 18 of the United States Code or Section 1983 of Title 42 of the United States Code.

An exception to the "three strikes rule" applies to prisoners who are "under imminent danger of serious physical injury." *Id.* The PLRA also directs the court to dismiss all claims determined to be "frivolous or malicious," all claims that "fail[ ] to state a claim on which relief may be granted," and all claims that "seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[7]

■ A review of plaintiff's financial statement reveals that he is financially eligible to proceed in forma pauperis. A review of plaintiff's history of suit in the federal courts, however, reveals that plaintiff has previously filed at least three claims in a federal court that were dismissed for failure to state a claim. *See, e.g., Matthews v. Texas,* No. 3:03–CV–0064–R, 2003 WL 22255700 (N.D.Tex. Sept.29, 2003) (recommendation of magistrate judge that the court dismiss the action as "frivolous" and "for failure of plaintiff to state a claim upon which relief may be granted" and noting that "the dismissal of this action ... will count as a 'strike' or 'prior occasion' within the meaning [of] 28 U.S.C. § 1915(g)"), *adopted by* Orders of October 17, 2003, Docket Nos. 16–17 (adopting findings of magistrate judge and dismissing case); *Matthews v. 302d Judicial Dist. Court,* No. 3:04–CV–2516–D, 2004 WL 2847832, at *1 (N.D.Tex. Dec.8, 2004) ("The United States District Court for the District of Nevada ... has dismissed at least one of Plaintiff's prior complaints as barred by three strikes.") (citing and appending *Matthews v. 8th Judicial Dist. Court,* No. CV–N–03–0432–ECR(VPC) (D.Nev. Nov. 18, 2003) (identifying three different cases filed in Nevada District Court that were dismissed for failure to state a claim upon which relief could be granted)), *adopted by* Order of Dec. 21, 2004, 2004 WL 2958386, at *1.

Because he is subject to the "three strikes rule," plaintiff would be ineligible to proceed in forma pauperis except for the fact that plaintiff alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Specifically, plaintiff alleges that prison officials have defamed plaintiff with the result that other prisoners have threatened him. Compl. at 2 (stating that plaintiff finds himself "among death threats and biological assault"); *id.* at 7 ("I have been threatened with death.... I get into ... situation[s] where I am threatened or my property damages [sic] or molested....."). Plaintiff also appears to claim that, as a result of the alleged defamation, other prisoners have acted violently toward plaintiff and continue this behavior. *See id.* at 2, 7; *id.* at 8 ("I belong to a class of inmate that is known for getting raped, hurt, or killed."); *see also id.* (stating that plaintiff was also "slandered and libeled" for successfully fighting off attacks). Accordingly, the court GRANTS plaintiff's application to proceed in forma pauperis with respect to plaintiff's defamation claim.

## II. Jurisdiction

■ Subject matter jurisdiction is an inflexible threshold matter that must be considered before proceeding to evaluate the merits of a case. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Abbott v. United States,* 47 Fed.Cl. 582, 584 (2000). The court has an obligation to examine its own jurisdiction at all stages of a proceeding and may raise the issue for consideration sua sponte. *Wood–Ivey Sys. Corp. v. United States,* 4 F.3d 961, 967 (Fed.Cir.1993); *Hurt v. United States,* 64 Fed.Cl. 88, 89 (2005). If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim. Rule 12(h)(3) of the Rules of the Court of Federal Claims (RCFC); *see Miller v. United States,* 67 Fed.Cl. 195, 197 (2005).

---

7. In an alternative provision, the court "shall ... dismiss the complaint, or any portion of the complaint" filed by "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity" that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A (2000). Because the court finds, under the "three strikes rule," that plaintiff may not proceed in forma pauperis with his claims with the exception of his claim for defamation, and because the court dismisses that claim for lack of jurisdiction, the court does not consider plaintiff's claims under 28 U.S.C. § 1915A.

■ Jurisdiction of the United States Court of Federal Claims is governed by the Tucker Act, 28 U.S.C. § 1491 (2000). Jurisdiction is limited to claims against the United States government for money damages, the payment of which is mandated by a contract, the U.S. Constitution, a statute, or a regulation. 28 U.S.C. § 1491(a)(1). In addition, to be cognizable, a plaintiff's claims must not sound in tort. *Id.* The Tucker Act is merely a jurisdictional grant, however, and does not create a substantive right enforceable against the sovereign. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). In order for this court to have jurisdiction, a plaintiff must identify "a separate source of substantive law" mandating the payment to plaintiff of money damages by the United States. *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005). Furthermore, this court generally lacks jurisdiction to grant non-monetary relief in a non-bid-protest context " 'unless [the requested non-monetary relief] is tied and subordinate to a monetary award.' " *Martinez v. United States,* 26 Cl.Ct. 1471, 1476 (1992) (quoting *Austin v. United States,* 206 Ct.Cl. 719, 723, 1975 WL 22844 (1975)); *see Miller,* 67 Fed. Cl. at 197 ("This court generally lacks jurisdiction to consider claims alleging violations of statutes that mandate a form of relief other than the payment of money.").

■ The only defendant against whom suit may properly be brought in this court is the United States government. *United States v. Sherwood,* 312 U.S. 584, 588–89, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Bogart v. United States,* 209 Ct.Cl. 208, 531 F.2d 988, 991 (1976); *Stephenson v. United States,* 58 Fed. Cl. 186, 190 (2003). Claims for relief sought against any other party, including officers of the United States government and any other individual, "must be ignored as beyond the jurisdiction of the court." *Sherwood,* 312 U.S. at 588, 61 S.Ct. 767.

### III. Proceedings Barred Under 28 U.S.C. § 1915(e)(2)

Where the plaintiff is a prisoner proceeding in forma pauperis, the PLRA applies to bar claims that are "frivolous or malicious," "fail[ ] to state a claim on which relief may be granted," or "seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Upon such a finding, "the court shall dismiss the case." 28 U.S.C. § 1915(e)(2).

### IV. Discussion

#### A. Plaintiff's Defamation Claim Under the Federal Tort Claims Act

##### 1. Jurisdiction

■ Plaintiff contends that the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, and the Libel Protection Act [8] provide a basis for jurisdiction over plaintiff's claims for libel and defamation. Compl. at 2–4. The Federal Tort Claims Act cannot provide a basis for jurisdiction in this court, however, because any claims brought pursuant to the Federal Tort Claims Act invariably sound in tort. Claims that sound in tort are expressly excluded from the jurisdiction of this court. 28 U.S.C. § 1491(a)(1). Accordingly, plaintiff's claims for libel and/or defamation and any other claims brought pursuant to the Federal Tort Claims Act are DISMISSED for lack of jurisdiction.

##### 2. Transfer

■ Although this court lacks jurisdiction to consider the merits of plaintiff's defamation claim under the Federal Tort Claims Act, the court considers whether it may transfer plaintiff's claim to a court of general

---

8. As to "the Libel Protection Act," Compl. at 2, 3, the court has been unable to identify the statute to which plaintiff is referring.

jurisdiction.[9] *See Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1374–75 (Fed. Cir.2005) (stating that the Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction). Section 1631 of Title 28 of the United States Code provides that:

> Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (2000). The word "courts" is defined in Section 610 as including "the courts of appeals and district courts of the United States." 28 U.S.C. § 610 (2000). The transfer statute does not permit transfer to state courts. *See id.* As provided by Section 1631, transfer is appropriate when the following three elements are satisfied: (1) the transferor court lacks subject matter jurisdiction; (2) at the time the case was filed, it could have been brought in the transferee court; and (3) such transfer is in the interest of justice. 28 U.S.C. § 1631; *Skillo v. United States,* 68 Fed.Cl. 734, 744 (2005). The first element is satisfied because this court lacks subject matter jurisdiction over plaintiff's defamation claim.

▮ Plaintiff's claim does not meet the second element, however. Defamation, libel, and slander are tort claims traditionally governed by state law. *See Lamb v. Rizzo,* 391 F.3d 1133, 1138 (10th Cir.2004) ("Libel is governed by state law."); *Underwager v. Channel 9 Austl.,* 69 F.3d 361, 366 (9th Cir. 1995) ("[D]efamation is primarily governed

by state law...."). Although the Federal Tort Claims Act provides a federal cause of action in the case of many torts, the coverage of the FTCA is limited to claims naming the federal government and federal actors as defendants. *See* 28 U.S.C. § 2674 (stating that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances" (emphasis added)). Therefore, the Federal Tort Claims Act could not serve as a basis for jurisdiction over plaintiff's claims naming Nevada state actors as defendants.

In addition, the Federal Tort Claims Act cannot serve as a basis for jurisdiction over plaintiff's defamation claims against the United States. For a federal court to have jurisdiction over a tort claim brought against the United States, the United States must have waived its sovereign immunity as to that tort. *See Dolan v. U.S. Postal Serv.,* — U.S. ——, 126 S.Ct. 1252, 1256, 163 L.Ed.2d 1079 (2006); *see also FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Jentoft v. United States,* 450 F.3d 1342, 1349 (Fed.Cir.2006) (stating that waivers of sovereign immunity " 'cannot be implied but must be unequivocally expressed' " (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52, (1969))). Although the FTCA waives the sovereign immunity of the United States as to tort claims generally, *see* 28 U.S.C. § 2674, Section 2680(h) of the Federal Tort Claims Act contains a list of exceptions to the United States' waiver of sovereign immunity, and Section 2680(h) expressly excludes libel and slander from the coverage of the Act, 28 U.S.C. § 2680(h). Defamation, though not expressly excluded, has been recognized by many courts as excluded by implication. *See, e.g., Kugel v. United States,* 947 F.2d 1504,

---

9. Despite the fact that plaintiff has not requested a transfer, the court notes that "the ... court [may] order[] transfer without being asked to do so by either party." *Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1375 (Fed.Cir.2005). The court here considers the possibility because plaintiff is proceeding pro se, see *Skillo v. United*

*States,* 68 Fed.Cl. 734, 743 n. 15 (2005), and because the language contained in the transfer statute, 28 U.S.C. § 1631 (2000) ("shall ... transfer"), "persuasively indicates that transfer, rather than dismissal, is the option of choice," *Britell v. United States,* 318 F.3d 70, 73 (1st Cir.2003).

1506–07 (D.C.Cir.1991); *Aviles v. Lutz*, 887 F.2d 1046, 1049–50 (10th Cir.1989); *Hoesl v. United States*, 629 F.2d 586, 587 (9th Cir. 1980). Because the United States has expressly withheld waiver of its sovereign immunity as to claims of libel and slander, and, the court finds, by implication as to claims of defamation, plaintiff's defamation claims could not have been brought in federal district court under the FTCA.[10]

Federal prisoners who are injured by fellow inmates by reason of the negligence of federal employees can sue for their injuries under the Federal Tort Claims Act. *See United States v. Muniz*, 374 U.S. 150, 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963) (holding the United States liable under the FTCA for injuries sustained by a prisoner where the prison guard had confined an altercation between the prisoner and twelve fellow inmates instead of interceding); *see also Plummer v. United States*, 580 F.2d 72, 73, 77 (3d Cir. 1978) (holding the United States liable under the FTCA for exposure of prisoners to prisoner with tuberculosis where the prisoners' bodies "harbored one or more dormant tubercle bacilli which could later develop into full-fledged cases of tuberculosis").[11] However, plaintiff does not allege negligence. Plaintiff appears not to allege actual injury but merely the threat of injury. Furthermore, plaintiff is confined in a state rather than a federal facility. For these additional reasons, plaintiff's claims are not cognizable in federal district court under the Federal

Tort Claims Act. Because plaintiff's claims do not satisfy the second element required under the transfer statute, 28 U.S.C. § 1631, the court declines to transfer plaintiff's claim.

**B. Plaintiff's Other Claims**

■ Plaintiff is BARRED from proceeding in forma pauperis with his other claims because plaintiff does not allege that the other claims place him in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *see also* Part I, *supra.* However, for reasons of judicial economy and efficiency in the event that the court has erred in its ruling barring plaintiff's other claims under 28 U.S.C. § 1915(g), the court considers those claims for the limited purpose of determining whether jurisdiction is proper.

**1. Defendants Other Than the United States**

In addition to bringing suit against the United States, plaintiff identifies numerous other named and unnamed persons as defendants for their alleged complicity in delaying plaintiff's outgoing mail, blocking his incoming mail, libeling plaintiff in his prison files, and failing to protect him when the alleged wrongs were brought to their attention. *See generally* Compl. at 1–8. Plaintiff also claims that the courts abused their discretion in dismissing plaintiff's claims pursuant to 28 U.S.C. § 1915(g) without considering the merits of plaintiff's claims. *See id.* at 3.

---

**10.** Although defamation is potentially cognizable under 42 U.S.C. § 1983, plaintiff does not plead facts which state a claim for defamation under Section 1983. *See Paul v. Davis*, 424 U.S. 693, 700, 708–09, 711, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (requiring an allegation of deprivation of a constitutionally guaranteed, tangible liberty or property interest or alteration of status in addition to and as a result of the alleged defamation—and not merely collateral to it—in order for a plaintiff to state a claim actionable under Section 1983). Plaintiff alleges that he "ha[s] been threatened with death and spat on [b]y inmates," Compl. at 7, and that he "belong[s] to a class of inmate that is known for getting raped, hurt, or killed," *id.* at 8. Plaintiff further alleges that the U.S. Department of Justice and "the courts in the Jurisdiction of Nevada" have "placed [him] in eminent danger of physical bodily harm by arbitrarily and capriciously denying [him] the benefit of protective segregation among death threats and biological assault to discourage [his] efforts

in court and in prison, supported by ... slander and libel ... [and] defam[ation]." *Id.* at 1–2. Plaintiff appears to argue not that the government's alleged defamation has placed plaintiff in danger but that the alleged threats and "biological assault" result from the government's failure to protect plaintiff. *See id.* Accordingly, plaintiff does not state a claim under Section 1983.

**11.** Section 1346(b)(2) of Title 28 of the United States Code provides, "No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2). If plaintiff were a felon, a fact not clear from the face of the complaint, Section 1346(b)(2) would bar his defamation claim because he does not allege physical injury.

This court lacks jurisdiction over claims brought by plaintiff against defendants other than the United States. As this court has stated, "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson,* 58 Fed.Cl. at 190. In addition, this court lacks jurisdiction to consider whether the United States District Court for the District of Nevada abused its discretion in failing to consider the merits of plaintiff's claims. *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). Accordingly, plaintiff's claims against parties other than the United States are DISMISSED for lack of jurisdiction.

### 2. Plaintiff's Claims Under RICO and 18 U.S.C. § 1701 for Interference with Mail

Plaintiff contends that the RICO statute and Section 1701 of Title 18 of the United States Code provide a basis for jurisdiction in this court over plaintiff's claims for interference with mail. Specifically, plaintiff alleges that the United States conspired to obstruct plaintiff's receipt of mail and that this claim is cognizable under both RICO and Section 1701. *See* Compl. at 2.

To the extent that plaintiff has pleaded a claim for interference with mail under 18 U.S.C. § 1701, this court lacks jurisdiction to hear it. Section 1701 makes it a crime "knowingly and willfully [to] obstruct[ ] or retard[ ] the passage of mail." 18 U.S.C. § 1701. Claims under Section 1701 and RICO are criminal claims. This court lacks juris-

diction to adjudicate criminal claims. *See Joshua,* 17 F.3d at 379. Accordingly, the court DISMISSES plaintiff's claims of conspiracy and interference with mail for lack of jurisdiction.[12]

### 3. Plaintiff's Claims of Defendant's Refusal to Protect Plaintiff From Criminal Conduct

Plaintiff alleges that defendant has refused to protect plaintiff from criminal conduct. Plaintiff states:

> The United States Justice Department and the courts in the Jurisdiction of Nevada ha[ve] knowingly and willingly refused to protect me, a[ ] United States Citizen and inmate from the conduct of the respondents alleged, as it is their lawful duty and obligation....

Compl. at 1. Plaintiff bases his claim that the United States has a duty to protect him from criminal conduct on, inter alia, Section 1651 of Title 28 of the United States Code. *Id.* at 4. Plaintiff states, "28 U.S.C. § 1651 Mandamus obligates the U.S. Justice Department to do what is in their duty to protect me from such criminal conduct. And if they know it's going on and they do not [protect me] then they are ... liable...." *Id.*

At first glance, it appears that plaintiff here alleges imminent danger of serious physical injury, thereby supporting the survival of plaintiff's claim for refusal to protect plaintiff from criminal conduct under the exception to the "three strikes rule." *See* 28 U.S.C. § 1915(g). The gravamen of plaintiff's complaint, however, is that various courts have failed to protect plaintiff by incorrectly deciding plaintiff's claims previously filed there and that various government agencies have similarly failed to protect

---

12. Despite plaintiff's failure to state a cognizable claim for interference with plaintiff's mail or conspiracy under 18 U.S.C. § 1701 or under RICO, plaintiff may have stated a claim for interference with access to justice. Specifically, plaintiff alleges that, due to the combination of delays in receipt of mail from various courts and delays by the prison in sending plaintiff's outgoing court filings, many filings have been untimely, so that the courts refused to consider the merits of plaintiff's habeas corpus petition and other claims. *See* Compl. at 4–5. Complaints of pro se plaintiffs are held to less stringent plead-

ing standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Accordingly, as long as plaintiff's complaint contains facts sufficient to state a claim for interference with access to justice as a matter of law, the court considers plaintiff to have stated such a claim for relief. However, this court lacks jurisdiction with respect to a claim for interference with access to justice for the same reasons it lacks jurisdiction over plaintiff's claims for conspiracy and interference with the mail.

plaintiff. *See* Compl. at 1, 2, 4. Because plaintiff does not allege imminent danger, this claim does not survive the "three strikes rule." Despite the fact that plaintiff's claim is barred, however, for reasons of judicial economy and efficiency, the court reviews plaintiff's claim to determine whether the claim is properly before it. *See* Part IV.B.

Even assuming, however, that plaintiff's claim did survive the "three strikes rule," this court lacks jurisdiction to hear it. "[T]o the extent that [plaintiff] is seeking it, the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua*, 17 F.3d at 380.

In addition, this court also lacks jurisdiction to hear plaintiff's claim of failure on the part of the government to protect plaintiff because plaintiff's claim—of a duty on the part of the United States and a breach of that duty—sounds in tort. The Tucker Act expressly provides that this court lacks jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1). Furthermore, the provision plaintiff identifies does not mandate the payment of money to plaintiff. The provision at issue states:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.     .

28 U.S.C. § 1651. Because this statute is not money-mandating, it cannot provide an independent basis for jurisdiction. *See Fisher*, 402 F.3d at 1172 (providing that, in order for this court to have jurisdiction over a plaintiff's claim, the plaintiff must identify "a separate source of substantive law" mandating the payment of money damages by the Unit-

ed States). For the foregoing reasons, plaintiff's claim under Section 1651 against the United States for allegedly refusing to protect him against criminal conduct is DISMISSED for lack of jurisdiction.

### 4. Habeas Corpus, Equitable, and Monetary Relief

Plaintiff requests compensatory and punitive monetary relief for defendant's alleged violation of the mail obstruction statute, RICO, conspiracy, libel, and for plaintiff's alleged pain and suffering. Compl. at 8–9. Because this court lacks jurisdiction over plaintiff's claims, *see supra* Parts IV.A and B.2, however, relief is not available in this court.

Plaintiff also requests that the court order an investigation into the delay of plaintiff's mail; indictments of those responsible; an injunction against further interference with plaintiff's mail; removal of "slander" from defendant's files; and "all equitable relief available to include Habeas Corpus." Compl. at 8–9. Equitable relief is unavailable in this court except as "an incident of and collateral to" a money judgment for relief that is available in this court, 28 U.S.C. § 1491(a)(2); *see Martinez*, 26 Cl.Ct. at 1476, but plaintiff has not stated a claim over which this court has jurisdiction. Because relief for the statutory violations plaintiff alleges is not available in this court, the equitable relief that would otherwise be incident to a money judgment is not available, either. *See id.* Furthermore, this court lacks jurisdiction to grant petitions for habeas corpus. *See* 28 U.S.C. § 2241(a) (2000) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."); *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed.Cir.2002) ("[T]he habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus . . . .").[13] The court is without

---

13. The claims discussed in Part IV.B of this opinion, over which this court lacks jurisdiction, are ineligible for transfer because plaintiff, proceeding in forma pauperis, has already had three "strikes," 28 U.S.C. § 1915(g), and does not include an allegation that the behavior giving rise to those claims puts plaintiff in "imminent dan-

ger of serious physical injury," *see id.* Because the transfer statute permits transfer to the appropriate district court only where the complaint could have been brought in that court at the time it was filed, *see* 28 U.S.C. § 1631 (2000); *Skillo v. United States*, 68 Fed.Cl. 734, 744 (2005), and because the "three strikes rule" would have pre-

jurisdiction to act on plaintiff's requests for equitable relief.[14]

### 5. Plaintiff's Motion for Repeal of the PLRA

Plaintiff requests repeal of the PLRA because "I am in eminent danger of physical bodily harm and I cannot sue." Pl.'s Mot. at 4. Plaintiff also appears to argue that this court should repeal the statute because he did not know of the three strikes provision before it applied to him. *Id.* ("[T]he act does not address lifers who cannot work or have family support to pay for actions ... or people who attempt a 1983 suit who were denied access to books to effectively put it together or new comers to jail or prison who never heard of PLRA and blow 1 or 2 strikes. The above is my current circumstances.") Because plaintiff's request is not a claim for money damages, *see* 28 U.S.C. § 1491(a)(1); *Fisher,* 402 F.3d at 1172, or "an incident of and collateral to" a claim for money damages, see id. § 1491(a)(2); *see Martinez,* 26 Cl.Ct. at 1476, this court lacks jurisdiction to grant plaintiff's requested relief. The court accordingly DENIES plaintiff's motion for repeal of the PLRA for lack of jurisdiction.

The court has considered whether to transfer plaintiff's motion seeking repeal of the PLRA. The fact that 28 U.S.C. § 1915(g) does not provide relief to plaintiff from his failure to meet the requirements of the "three strikes rule" does not, upon due consideration, appear to the court to be a circumstance requiring a transfer "in the interest of justice." 28 U.S.C. § 1631. The court

therefore declines to transfer plaintiff's motion for repeal of the PLRA.

### V. Conclusion

Plaintiff's application to proceed in forma pauperis is GRANTED for the limited purpose of permitting the court to examine whether the court has jurisdiction as to plaintiff's defamation claim and is otherwise DENIED. Plaintiff's claim for defamation is DISMISSED for lack of jurisdiction. For purposes of judicial economy and efficiency, the court rules, in the alternative, that all of plaintiff's claims against all parties are DISMISSED for lack of jurisdiction and that the court is without jurisdiction to act on plaintiff's motion for summary judgment, motions for equitable and other relief, and motion to repeal the PLRA. The Clerk of the Court shall enter judgment for defendant. No costs.

IT IS SO ORDERED.

---

(2006), the court is without jurisdiction to act on plaintiff's request for declaratory and injunctive relief.

In addition, on June 15, 2006, plaintiff filed a motion requesting the court "to order the U.S. Attorney to file [defendant's alleged] conduct [of continued obstruction of mail and consequent prevention of access to justice] with the federal grand jury." Plaintiff's Motion to Suspend RCFC Rule 5 w/Request for Mandamus Relief at 2. This court lacks jurisdiction to grant non-monetary relief in a non-bid-protest context except as incident and collateral to a money judgment. *Adair,* 70 Fed.Cl. at 65 n. 1. Because the court does not grant monetary relief in this case, the court lacks jurisdiction to act on plaintiff's requests for relief.

---

vented a federal court from considering the merits of plaintiff's claims, *see* 28 U.S.C. § 1915(g), the court declines to transfer plaintiff's claims, *see Rodriguez v. United States,* 862 F.2d 1558, 1559–60 (stating the requirement that "the transfer ... be in the interests of justice").

14. Plaintiff also requests unspecified declaratory and injunctive relief against the judges and other individuals whom plaintiff names as defendants. Plaintiff's Supplemental Complaint w/Request for counsel and Investigator at 4. Because the court lacks jurisdiction over plaintiff's claims against the judges and other individuals and because the requested relief is not "an incident of and collateral to" a money judgment, *see* 28 U.S.C. § 1491(a)(2); *Martinez,* 26 Cl.Ct. at 1476; *Adair v. United States,* 70 Fed.Cl. 65, 65 n. 1